IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK SCHOGGINS, <br> PERSONAL REPRESENTATIVE of the <br> ESTATE of MARK SCHOGGINS, <br> Deceased, <br><br>            Plaintiff, <br><br> v. <br><br> STATE OF OKLAHOMA, ex rel., <br> OKLAHOMA HIGHWAY PATROL, <br> CITY OF McALESTER, OKLAHOMA, <br> a municipality, GARRET GRAY, individually, <br> and JAMES MCKEE, individually. <br><br>            Defendants. | Case No. 6:21-CV-00133-JFH |

## AGREED PROTECTIVE ORDER

Before the Court for consideration is the Parties' Agreed Joint Motion for Protective Order (Doc. 28) filed in the above referenced matter. The parties stipulate that certain relevant information and/or documentation that has been or may be sought in discovery in the above-captioned action may be considered by one or more parties or by third persons as confidential and/or proprietary, and that the production of such information and/or documentation may be objectionable on that basis. This information and documentation is described with more particularity below:

All photographs, audio and video recordings, policies and procedures and investigative reports which include any internal Oklahoma Highway Patrol/Department of Public Safety (OHP/DPS) documents, and personnel records regarding current and/or former employees of Defendant DPS.

Any and all documents of or relating to the policies and procedures of the Oklahoma Highway Patrol/Department of Public Safety, and any other documents which may contain information, including but not limited to social security numbers, health care information, banking information, and all documents of or relating to any employee, current or former, of the Oklahoma Highway Patrol/Department of Public Safety.

The Court finds that the release of such confidential and/or proprietary information and documentation could damage the interests of certain parties and/or non-parties. The Court further finds that the parties ability to prosecute and/or defend this action would not be unreasonably limited by the entry of an Agreed Protective Order designed to preserve the confidentiality of and control the use of such confidential and/or proprietary information and documentation in this action.

Having reviewed the Joint Motion and there being good cause shown, it is hereby ORDERED AS FOLLOWS:

(a)     That "Confidential Material," as used herein, means information of any type, kind, or character as described above and that a producing party has in good faith designated as "CONFIDENTIAL", whether it be a document, interrogatory answer, deposition testimony, answer to request for admission, response to subpoena duces tecum, health information or any other information obtained through any means in this litigation or pursuant to agreement between the parties .

(b)     That any Confidential Material secured subject to this Agreed Protective Order shall remain confidential and not be disclosed by the parties or their Counsel to any person except as reasonably necessary in furtherance of the prosecution or defense of this litigation, in motions

and briefs filed with this Court as provided by paragraph (c) below, and in what is reasonably necessary for discovery, trial preparation, and in trial, unless the confidential designation is removed by agreement or pursuant to a motion and court order as provided in paragraph (j) below.

(c) If used in connection with a pleading, brief or other court filing, any documents filed with the Court which have been designated "Confidential" or which contain information so designated, shall be filed separately from such pleading, brief, or other court filing in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents, and the words "Confidential - Subject to Protective Order." All portions of pleadings, briefs or other filings with the Court that contain information designated as "Confidential" shall be redacted from such pleadings or briefs before filing, but an unredacted copy of such pleading or brief shall also be filed in the same fashion above identified in this subparagraph 6 (c);

(d) That no reference to the Social Security Number of any party or non-party shall be included in any materials filed of record with the Court;

(e) That Counsel for the parties shall instruct any person who has a legitimate need to and who views such Confidential Material, that such person is bound by the terms of this Agreed Protective Order and that they are under a duty not to reveal such information to anyone except as may be agreed upon by the parties, in writing, or as may be ordered by the Court;

(f) That the Confidential Material secured by the parties subject to this Agreed Protective Order shall, without the necessity of further designation, be treated as confidential during the pendency of this action;

(g) That the control and distribution of the Confidential Material secured by the parties subject to this Agreed Protective Order shall be the responsibility of counsel for Plaintiffs and respective counsel for Defendants;

(h) A disclosing party or person must designate documents or information as "Confidential Material" prior to or at the time of disclosure by placing the notation "CONFIDENTIAL" on every page of each document so designated and/or so designated in a discovery response. If a person or a party produces multiple copies of the document, and if at least one copy of the document is properly marked as "CONFIDENTIAL" and if the person or party inadvertently fails to properly mark other copies of the document, all copies shall be deemed "CONFIDENTIAL." If any portion of the document contains confidential information, the entire document may be designated "CONFIDENTIAL." In the case of "Confidential Material" disclosed in a non paper medium, (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the information contained therein.

With respect to deposition testimony, counsel may at the commencement of a deposition, temporarily designate the entire deposition as confidential. However, where such an initial temporary designation is made, the designating party must, within ten (10) days after receipt of the deposition transcript, identify in writing to opposing counsel those portions of the transcript which s/he then deems confidential. If no such confidential designation is made within ten (10) days of receipt of the transcript, then no portion of the deposition shall continue to be deemed confidential.

(i) The inadvertent failure to designate a document or information as "Confidential Material" prior to or at the time of disclosure shall not operate as a waiver of the right of a party or person to designate said document or information as "CONFIDENTIAL" within thirty (30) days subsequent to the discovery of the inadvertent disclosure. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney client privilege or the work product exemption, if the party producing the documents or information requests return of the documents or information within thirty (30) days after discovery of the inadvertent disclosure.

(j) If any party disagrees with any designation of any document or information as confidential, they shall notify counsel for the designating party within thirty (30) days of the receipt of such document and shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the part(ies) disputing such designation may file a motion for relief from this order as to such documents within thirty (30) days of the day upon which such party first notified the designating party of their disagreement with such designation;

(k) That by producing and permitting use of the Confidential Material secured by the parties subject to this Agreed Protective Order, no party is thereby conceding the admissibility of such Confidential Material, and the admissibility of such Confidential Material shall be subject to the Rules of Evidence and further order of this Court, at trial and thereafter, where appropriate;

(l) That upon the conclusion of this litigation, whether by settlement or the termination of all appeals and the expiration of time for further appeal, all copies of Confidential Material secured by the parties subject to this Agreed Protective Order shall be returned to the parties' Counsel from whom discovery was sought or destroyed;

(m) That this Agreed Protective Order may be modified by this Court at any time upon application of either party for good cause shown.

ORDERED this 22nd day of February, 2022.

_____
STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE