IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MARK SCHOGGINS,
PERSONAL REPRESENTATIVE of the
ESTATE of MARK ANSON SCHOGGINS,
Deceased,                                                            PLAINTIFF

vs.                                                                  CASE NO. 21-cv-133-JFH


STATE OF OKLAHOMA, EX REL. OKLAHOMA
HIGHWAY PATROL, CITY OF McALESTER,
OKLAHOMA, a municipality, GARRET
GRAY, individually, and JAMES MCKEE,
individually,                                                        DEFENDANTS.

RESPONSE TO MOTION FOR SUMMARY
JUDGEMENT OF DEFENDANTS GRAY AND MCKEE

Comes now the Plaintiff, MARK SCHOGGINS, Personal Representative of the Estate of

Mark Anson Schoggins, deceased, and for his response to the Motion for summary judgement of

Defendants Oklahoma Highway Patrol (OHP), Garret Gray and James McKee submits the

following;

1. That this action is a *1983* civil rights action based upon the use of excessive force

against the Deceased, Mark Anson Schoggins, by the Defendants Gray and Mckee resulting in

the death of Mark Anson Schoggins. The State of Oklahoma (OHP) is being sued under the

Oklahoma Tort Claims Act (*51 O.S. 151 et seq.*) for the use of excessive force by their

employees.

**UNDISPUTED FACTS LISTED BY DEFENDANTS**

2. The defendants set out undisputed facts as required by Rule 56, F.R. Civ. Pro. The

Plaintiff does not dispute facts listed in paragraphs 1, 3-14, 17, 19, 20, and 22.

The Plaintiff does dispute facts listed at the following paragraphs for the following reasons;

2. This is not a factual assertion, but argument by the Defendants, and is therefore objected to by the Plaintiff;

15. This is not a factual assertion, but argument as to what the deceased was thinking and should not be considered by this court in its ruling, and is therefore objected to by the Plaintiff;

16. Part of this paragraph is not a factual assertion, but again an argument apparently trying to assert what the defendant was thinking. The balance of the paragraph is shown on video tape and the court can determine the facts as they would relate to the motion for summary judgement, and is therefore objected to by the Plaintiff;

18. Deny this paragraph;

21. Object to the narrative, as the actual videos are the best evidence and should be considered by the court;

23. Object to this narrative, as the statements are not facts but argument by the Defendants.

**UNDISPUTED EVIDENCE OF PLAINTIFF**

3. That the Plaintiff submits parts of the recorded videos from the dash cams of the various officers involved. While the videos are of the same incident, the views are different and are helpful in understanding the scene at the time of the shooting. The partial videos show the Schoggins vehicle as it turns on the South Street in McAlester, the Schoggins vehicle crashing into a garage area, the Schoggins vehicle being crashed into by a highway patrol vehicle, the Schoggins vehicle backing up, turning and continuing forward at a slow rate of speed, and the

officers shooting at the vehicle. It is submitted that the videos do not show the any of the officers

being in front of the Schoggins vehicle but off to one side, though close to the vehicle. The

excerpts of the videos are as follows;

      1. Video 1, time 4:25-5:30, the full video is also supplied for the court's courtesy;

      2. Video 3, time 9:25-10:00, the full video is also being supplied;

      3. Video Bates 269 OHP503 event, time 9:25-10:00, the full video is also being supplied;

**ARGUMENT AND AUTHORITIES AS TO GRAY AND MCKEE**

4. As the Defendants admit in their motion, excessive force cases are particularly fact

intensive. *Carabajal v. City of Cheyenne, Wy.*, 847 F. 3d 1203 (10th cir 2017). When there is

video, a court can not ignore the video evidence.  Summary judgement should be granted

sparingly in excessive force cases. This principle applies with particular force where the only

witness other than the officers was killed during the encounter. *Gonzalez v. City of Anaheim*, 747

F.3d 789 (9th cir 2014); *C.V. v. City of Anaheim*, 823 F.3d 1252 (9th cir 2016). All justifiable

inferences are to be drawn in Plaintiff's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

The defendants have raised the issue of qualified immunity for their motion for summary

judgement. The doctrine of qualified immunity shields officials from civil liability so long as

their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known. *Valverde v. Dodge*, 967 F.3d 1049 (10th cir 2020);

*Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 193 L. Ed. 2d 255 (2015).  If a defendant invokes

qualified immunity, the plaintiff has the burden to show that (1) the defendant violated a

constitutional or statutory right and (2) this right was clearly established at the time of the

defendant's challenged conduct. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L. Ed. 2d 565 (2009).

In *Graham v. Conner*, 490 U.S. 386, 109 S.Ct. 1865, 104 L. Ed. 2d 443 (1989), the court held the Fourth amendment standard is reasonableness. It is reasonable for police to move quickly if delay would gravely endanger their lives or the lives of others. This is true even when, judged with the benefit of hindsight, the officers may have made some mistakes. The constitution is not blind to the fact that police officers are often forced to make split second judgments.  In *Graham* the Supreme court noted three nonexclusive factors for determining whether a particular use of force was excessive: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Each factor must be evaluated from the perspective of the officer on the scene. *Valverde*, supra.

The Defendants argue and assert that the deceased was attempting to run over trooper Gray and McKee, thereby justifying their use of deadly force. The Plaintiff asserts that the videos do not show the officer in the front of the deceased's vehicle, thereby instead of being justified in the use of force, the defendants used excessive force and are not entitled to qualified immunity. As stated earlier, excessive force cases are fact intensive.  The court should use the video, if clear and precise as to the salient facts,  rather than statements of the parties.

The *Graham* factors would seem to favor qualified immunity in this case if the officers were in mortal danger. The video shows that the officers are to the side of the vehicle and not in front of it. Thus the key fact of danger to the officers it is submitted is not present. Also the fact situation is to be judged in totality. While the deceased actions on the highway before turning on

South street, were reckless and may have justified the use of excessive force and/or qualified

immunity. After the deceased was on South street, the deceased wrecked his vehicle and

probably injured himself, was hit by the trooper's vehicle and was going slow and not at a high

rate of speed when the officers drew their firearms and started firing multiple shots at the

defendant at close range. At that point, the new and/or subsequent actions after the highway

chase of the deceased were not placing the officers in danger as they were to the side of the

vehicle and not in front of the vehicle.

The defendants submitted the case of *Plumhoff v. Pickard*, 572 U.S. 765, 134 S.Ct. 2012,

188 L. Ed. 2d 1056, (2014), in support of their motion for summary judgement. The case at first

glance does appear to be authority for their position of qualified immunity. However the case

does indicate that the deceased in that case was obviously trying to accelerate at a high rate of

speed by spinning his tires in the parking lot. There is nothing similar in this case. The video

shows the speed of the vehicle. It appears that Schoggins was going very slow and may have

slightly accelerated after the officers started shooting which would be understandable. The

acceleration could have been caused by the gunshot wounds or the death of the defendant after

the shooting started.  The claim of excessive force is fact intensive, *Carabajal*, supra,. and should

be left to the jury to resolve.

ARGUMENT AND AUTHORITIES AS TO OHP/OKLAHOMA

As previously stated, the case against Oklahoma/OHP is filed under the Oklahoma tort

Claims act. The Oklahoma Courts and the Oklahoma Legislature recognize the Constitutional

right to assert claims for excessive force. *Bosh v. Cherokee Cnty, Bldg Auth*. 305 P. 3d 994 (Okla

2013); *51 O.S. 152(14).* The doctrine of respondent superior is applicable to these claims.

As shown in Bosh supra, the issue of excessive force is fact intensive and should be left to the a jury to resolve.

The doctrine of qualified immunity does not extend to state law claims. C.V. v. City of Anaheim, supra. The Defendant OHP cites the case of *Smith v. City of Stillwater*, 2014 OK 42, 328 P. 3d 1192, (Okla. 2014) for its motion for summary judgement of behalf of the OHP. The case is not authority for any judgement in this case. The Smith case involved a person on a motorcycle running off a road and crashing while being chased by police officers. The court held that a person who is being pursued that crashes his or her vehicle and hurts themselves does not have a cause of action against the officers who are pursuing. This case is police officers firing multiple shots at a person in a car wherein there is an allegation of excessive force, not a case where the suspect wrecked his own motorcycle.

WHEREFORE premises considered, the Plaintiff prays that the motion for summary judgement on the issue of qualified immunity of officers Gray and McKee be denied and that the motion for summary judgement by the Highway Patrol on the State claim be denied.

MARK SCHOGGINS, PERSONAL
REPRESENTATIVE of the ESTATE of MARK
ANSON SCHOGGINS, Deceased,
PLAINTIFF

GOTCHER AND BEAVER
POST OFFICE 160
MCALESTER, OKLAHOMA 74502
(918) 423-0412
ATTORNEYS FOR PLAINTIFF
S/Warren Gotcher
WARREN GOTCHER
Warren@gotcher-beaver.com

CERTIFICATE OF SERVICE

I, Warren Gotcher, herewith certify that on the 11th day of January, 2023, I caused a true and correct copy of the above and foregoing response to the motion for summary judgement of Garret Gray,James McKee and the State of Oklahoma  to be  mailed  to

Kevin McClure
OFFICE OF THE ATTORNEY GENERAL
313 NE 21ST ST.
Oklahoma City, Oklahoma 73105
Attorney for Defendants, OHP, Gray and McKee

Gary James
P.O. Box  2443
Oklahoma City, Oklahoma 73101
Attorney for Defendants, Gray and McKee

And a true and correct copy by mail to:

Sean McKelvey
P.O. Box 1165
McAlester, Oklahoma 74503
Attorney for Defendant, City of McAlester

and further

I hereby certify that on this 11th day of January, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:


Gary James
Kevin McClure
Sean McKelvey

S/Warren Gotcher
WARREN GOTCHER

_____