# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK SCHOGGINS, Personal Representative of the Estate of MARK ANSON SCHOGGINS, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA, *ex rel.*, OKLAHOMA HIGHWAY PATROL, CITY OF MCALESTER, an OKLAHOMA municipality, GARRET GRAY, individually and JAMES MCKEE, individually,<br><br>Defendant. | CASE NO. 21-cv-133-JFH-KW |

## DEFENDANTS OHP, GARRET GRAY AND JAMES MCKEE'S REPLY TO SUMMARY JUDGMENT

COMES NOW, the State of Oklahoma, *ex rel.*, Oklahoma Highway Patrol (OHP), Garret Gray (Gray), and James McKee (McKee), collectively the "State Defendants", to file this Reply to Plaintiff's Response [doc. 55] to the State Defendants' Motion for Summary Judgment. [doc. 49]. Defendants would show this Court the following:

### PLAINTIFF'S RESPONSE

Plaintiff does not actually dispute any of the State Defendants' Undisputed Material Facts. He agrees that the videos capture all the material facts at issue in this case. Therefore, as the video facts are undisputed, the only issues that remain are legal issues for this Court to resolve.

### CLEARLY ESTABLISHED LAW

Plaintiff's Response has failed to meet his **burden** under *qualified immunity* analysis by

producing case law which would have alerted these Defendants that their undisputed actions shown in the videos violates "clearly established" Fourth Amendment law. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)(it's Plaintiff's burden); *City of Tahlequah v. Bond*, 595 U.S. \_\_\_ (2021) ("It is not enough that a rule be suggested by then-existing precedent: the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted."); *District of Columbia v. Wesby*, 583 U.S. \_\_\_\_ (2018)(we have stressed the need to "identify a case where an officer acting under similar circumstances . . . was held to have violated [federal law]"); *see also*, *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (internal quotation marks omitted). Plaintiff's Response does what the Supreme Court has continuously cautioned lower courts against— defining the "clearly established" prong of qualified analysis at a high level of generality. *White v. Pauly*, 137 S.Ct. 548, 552 (2017). Even though Plaintiff has acknowledged that he must produce case law that defines his son's "clearly established rights," he still has failed to show this Court any Tenth Circuit or Supreme Court case law that supports his claims (with ***particularity***) through the lens of "the undisputed facts." *Ashcroft v. al–Kidd*, 563 U.S. at 741(In the final analysis, existing precedent must have placed the constitutional question **beyond debate)**. The very fact that courts may disagree on the "contours of existing law" is enough to grant qualified immunity. *See City of Tahlequah*, supra.

In his Response, Plaintiff merely attempts to differentiate the undisputed video facts in this case from the undisputed video facts in *Plumhoff v. Pickard*, 572 U.S. 765 (2014). However, his comparative spin on the *Plumhoff* videos as being different then the videos facts established in this case is unsuccessful. Plaintiff admits that "[t]he Graham factors would seem

to favor qualified immunity in this case if the officers were in mortal danger." [doc. 55, p-4]. But that admission only tells part of the story. His argument is that (in his opinion) troopers Gray and McKee were not in front of Schoggins' vehicle and therefore, not in immediate danger, therefore, there was no justifiable reason for them to use deadly force to stop Schoggins. However, that spin on the facts and argument ignores the clearly established law.

Plaintiff was obviously a fleeing felon after he ran from the officers driving over 100 mph on a State Highway into on-coming traffic, refusing repeated commands for him to stop. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985)(deadly force permitted when fleeing felon poses a threat to the officers **or the public**). Even after two attempts to stop him with "less than lethal force" TVIs, Schoggins continued to drive away in a dangerous manner. An officer is constitutionally permitted to use deadly force not only in defense of himself, but also when he believes the public or his fellow officer's lives are in danger. *Kingsley v. Hendrickson*, 576 U.S. 389, 399, 135 S.Ct. 2466, 2474 (2015); *Graham v. Conner*, 490 U.S. 386, 396 (1989) (Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.").

Schoggins' actions clearly demonstrated a complete lack of intent to stop and surrender to the officers. He was in a McAlester neighborhood where there was a school, softball, and soccer fields down the street from that location where numerous children and their parents would be gathered. [doc. 49-6, Page 4 of 4 ("The area has softball fields, soccer fields, playgrounds, schools, and walking trials.")]. If allowed to continue to drive away he would endanger the lives of those innocent bystanders, as well as the officers in pursuit. Therefore, even if this Court were to view the video facts as Plaintiff contends, it is still uncontested that

3

Schoggins posed an immediate and imminent threat to the lives of innocent bystanders, if he were allowed to drive away from that location. Qualified immunity must be granted to Gray and Mckee.

## STATE LAW CLAIMS AGAINST OHP

Again, Plaintiff fails to dispute any of the video evidence in this case. He argues that his *Bosh* claim for excessive force should be decided by a jury, but then fails to produce any case law supporting that argument. He fails to address OHP's cases proving he has no state law claims against OHP and the troopers did not violate his son's constitutional or state law rights. He also fails to address OHP's authority that establishes that an employer cannot be held liable for their employees' actions when their employees have not violated a Plaintiff's state or federal rights. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993)(a law officer's employer "may not be held liable where there was no underlying constitutional violation by any of its officers."); *Keith v. Koerner*, 843 F.3d 833, 838-39 (10th Cir. 2016) ("It is not enough to allege general deficiencies in a particular training program. Rather, a plaintiff must identify a specific deficiency in the entity's training program closely related to his ultimate injury."); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986)("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Therefore, this Court must grant OHP summary judgment.

Respectfully submitted,

 s/ Kevin L. McClure
**KEVIN L. MCCLURE, OBA # 12767**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105-3498
T: (405) 521-3921  F: (405) 521-4518
Email: Kevin.McClure@oag.ok.gov
*Attorney for Defendants OHP, Gray,*
*and McKee*

## CERTIFICATE OF MAILING

I hereby certify that on this 24th of January, 2023. I sent the foregoing document via electronic mail to the following counsel of record:

Warren Gotcher
GOTCHER AND BEAVER
323 East Carl Albert Parkway
PO Box 160
McAlester, OK 74502
(918) 423-0412
*Attorney for Plaintiff*

Sean Mckelvey
Meaghen E. Clark
Clark W. Crapster
STEIDLEY & NEAL
100 East Carl Albert Parkway
PO Box 1165
McAlester, OK 74501
(918) 423-4611
smm@steidley-neal.com
mac@steidley-neal.com
*Attorneys for the City of McAlester*

Gary J. James
Gary J. James & Assoc., P.C.
PO Box 2443
Oklahoma City, OK 73101
(405) 521-9900
gary@garyjameslaw.com
*Attorney for Defendants Garret Gray and James McKee, in their individual capacity*

 s/Kevin L. McClure
**Kevin L. McClure**